UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATRELL DWAN BROWN,

    PETITIONER,

vs.

    CIVIL NO.: 06-14087
    CRIM NO.: 05-50053

    HON. PAUL V. GADOLA
UNITED STATES OF AMERICA,    MAG. JUDGE STEVEN D. PEPE

    RESPONDENT.
_____/

**REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

Petitioner Latrell Dwan Brown filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed September 18, 2006, under 28 U.S.C. § 2255 (Dkt. #24). This matter has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated below it is recommended that Petitioner's § 2255 Motion be **DENIED**.

**II.    FACTS AND PROCEDURAL HISTORY**

Petitioner was on probation from Genesee County Circuit Court for carrying a concealed weapon when the facts leading to this offense occurred (Dkt. #31, page 11). He was subsequently sentenced for violating his probation for twenty to ninety months. *Id.* at 11-12. Petitioner affirmed the truth of the following facts during his plea hearing: "on November the 9th, 2004, in an automobile parked on Stockdale Avenue in Flint, Michigan [he] possessed 4.88

grams of cocaine base at least some of which [he] intended to distribute to others." (Dkt. #30, pages 25, 28).

Respondent has relayed the following procedural history, which has been verified by references to the record:

> Defendant/Petitioner Dwan Latrell Brown [Brown] was serving a term of imprisonment in the Michigan Department of Prisons when, on August 24, 2005, he was indicted by a federal grand jury and charged with one count of possession of cocaine base with intent to distribute. (R. 1: Indictment) Brown's physical presence was obtained by writ ad prosequendum and he was arraigned before Magistrate Judge Wallace Capel on September 15, 2005. At that time he consented to federal detention but was returned at his request to state custody. (R. 3: Order for Writ ad Prosequendum, and see minute entry for 09/15/05.) On December 15, 2005, Brown was again writted to the federal courthouse in Flint, Michigan, where he entered a plea of guilty to the indictment pursuant to a rule 11 plea agreement. (R.13: Order for Writ ad Prosequendum, and minute entry for 12/15/05). Brown was again returned to state custody. On March 22, 2006, Brown was again brought to the federal courthouse in Flint by writ from state custody. He was sentenced on that date to a 57 month custodial sentence of the federal drug charge. (R. 20: Order for Writ ad Prosequendum, minute entry for 03/15/06, R. 23: Judgment).

(Dkt. #29, page 3).

### III. <u>STANDARD OF REVIEW</u>

To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude, which had a substantial and injurious effect of influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-638 (1993). To prevail on a § 2255 motion alleging non-constitutional error, the petitioner must establish a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)). Section 2255 requires that a

district court hold an evidentiary hearing to determine the issues and make findings of fact and conclusions of law regarding the petitioner's case "unless the motion and the file records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also Green v. United States*, 65 F.3d 546, 548 (6th Cir. 1995). Petitioner is entitled to no relief; thus, an evidentiary hearing is not necessary.

## IV. <u>ANALYSIS</u>

Petitioner argues that the district court erred when it failed to provide him credit for time served (Dkt. # 24, page 2). He alleges that his claim is not procedurally defaulted for failure to raise it on direct appeal due to ineffective assistance of counsel. He does not explain how counsel was ineffective. "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (citations omitted).

Nonetheless, even if his claim is not procedurally defaulted, it is not properly before the court. As Respondent points out Petitioner's claim deals with a function belonging to the Bureau of Prisons, not the district court (Dkt. #29, page 4).

> In *Wilson*, the Supreme Court expressly stated that 18 U.S.C. § 3585(b) does not authorize a district court "to award credit at sentencing," and that the Attorney General "must continue to compute the credit under § 3585(b) as he did under the former § 3568." 503 U.S. [329], 112 S.Ct. at 1354. For the District Court to make the initial determination, it would have to be acting pursuant to some sort of delegation of authority from the Attorney General, clearly impermissible for an Article III court. For the district court to perform its constitutional functions, it must decide an actual case or controversy ripe for adjudication. There can be no such case or controversy until the Attorney General makes a determination and Westmoreland then seeks judicial review of the determination.

3

*United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992) (footnote omitted). "Federal regulations have afforded prisoners administrative review of the computation of their credits *see* 28 CFR §§ 542.10-542.16 (1990); *Lucas, supra*, at 1556, and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies;" thus, the district court does not have jurisdiction to review the claim presented by Petitioner. *Wilson*, 503 U.S. at 335 (citations omitted).

## V. CONCLUSION

Based on the foregoing, IT IS RESPECTFULLY recommended that Petitioner's § 2255 Motion be **DENIED**.

Pursuant to Rule 72(b) of the Fed. R. Civ. P. and 28 U.S.C. § 636(b)(1), the parties are hereby notified that within ten days after being served with a copy of this recommendation they may serve and file specific, written objections to the proposed findings and recommendations. Either party may respond to another party's objections within ten days after being served with a copy thereof. The parties are further informed that failure to timely file objections may constitute a waiver of any further right of appeal to the United States Court of Appeals. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

In accordance with the provisions of Fed. R. Civ. P. 6(b), the court in its discretion, may enlarge the period of time in which to file objections to this report.

**DATED**: June 26, 2007                      s/Steven D. Pepe
Flint, Michigan                                 United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: James C. Mitchell,

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Dwan Latrell Brown, # 39481-039, Leavenworth USP P.O. BOX 1000 Leavenworth, KS 66048.

                                                s/James P. Peltier
                                                United States District Court
                                                Flint, Michigan 48502
                                                810-341-7850
                                                E-mail: pete_peltier@mied.uscourts.gov